UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DANTE GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3328 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER OF DISMISSAL

Plaintiff Michael Garrett is presently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Garrett proceeds *pro se* and seeks leave to proceed *in forma pauperis* (Dkt. 2). Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.

1998). The threat of imminent danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Garrett has filed at least three civil actions or appeals that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Garrett v. Davis*, Appeal No. 17-41171 (July 3, 2018); *Garrett v. Stephens*, Civil Action No. 2:15-0403 (S.D. Tex. Feb. 22, 2016); *Garrett v. Vance*, Civil Action No. 3:96-1196 (N.D. Tex. July 12, 1996). He therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Garrett's complaint in this case complains of sanitation, hygiene, housing, and COVID-19 testing at TDCJ during the current pandemic. However, he does not specifically allege that he has been placed at risk of serious physical. harm by any of the named Defendants. Rather, he makes complaints that pertain to TDCJ generally during the pandemic, such as complaints about showering procedures, frequency of COVID-19 testing, and the accuracy of test results reported by TDCJ. He also complains that the virus has spread in TDCJ. Garrett does not plead facts that would allow the Court to draw a reasonable inference that any named Defendant is responsible for any imminent danger of serious physical injury to him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, his allegations are insufficient to show imminent danger for purposes of § 1915(g). *See Brown*, 857 F.3d at 290; *Ciarpaglini*, 352 F.3d at 330.

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions, if any, are **DENIED as moot**.

4. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, this 30th day of September, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE